UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN WEDINGTON,<br><br>    Petitioner,<br><br>v.<br><br>U.S. FEDERAL GOVERNMENT AND ITS AFFILIATED AND SUBSIDIARY ORGANIZATIONS , AGENCIES, OFFICIALS AND REPRESENTATIVES, AND THE WARDEN OF FEDERAL MEDICAL CENTER ROCHESTER,<br><br>    Respondents. | Civil No. 09-565 (JRT/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that the case be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

Petitioner is an inmate at the Federal Medical Center in Rochester, Minnesota.  He

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

is serving a life sentence that was imposed in 1982, following his conviction for second degree murder.  See United States v. Wedington, Civil No. 05-767 (DSD/SRN) (D.Minn. 2005), Report and Recommendation dated May 26, 2005, (Nelson, Magistrate Judge), 2005 WL 1270915 at *1.

Petitioner commenced the present action by filing a self-styled habeas corpus petition in the United States District Court for the Eastern District of Virginia.  The case was subsequently transferred to this District, because Petitioner was (and still is) incarcerated here in Minnesota.  After the case was transferred, Petitioner's original habeas corpus petition was examined by the undersigned Magistrate Judge, pursuant to Rule 4 of the Governing Rules.  (See n. 1, supra.)  The original petition was found to be deficient in several respects.  Most notably, the Court found that Petitioner (a) failed to explain the factual and legal bases for his claims, (b) failed to identify the specific relief he is seeking, and (c) failed to show that he exhausted all of his available administrative remedies for all of his claims.  Because of the obvious inadequacy of the original petition, it was dismissed without prejudice, and Petitioner was granted leave to file an amended petition.  (Order dated March 19, 2009; [Docket No. 6].)  Petitioner was clearly advised that if he chose to amend, his new petition would have to address and correct the defects found in the original petition.

On March 30, 2009, Petitioner filed an amended habeas corpus petition, (Docket No. 7), which is now before the Court.

## II.    DISCUSSION

Petitioner's amended habeas petition does cure one of the critical defects found in his original petition, as he has now identified the relief he is seeking in this case.  The

amended petition clearly indicates that Petitioner is requesting immediate release from custody. That request, however, cannot be granted, because Petitioner has not described any factual or legal grounds that would require him to be released from custody at this time.

Petitioner's amended petition, like the original, is almost completely incomprehensible. Even after diligently attempting to parse the intended meaning of Petitioner's words, the Court finds that it is simply impossible to discern why he believes he should be granted a writ of habeas corpus. Petitioner has not provided an intelligible explanation of the factual basis for his petition, nor has he offered any legal rationale for ordering his release. In short, the Court finds that Petitioner's amended petition does not set forth any arguable grounds for granting him any relief. The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.[2]

Finally, the Court notes that Petitioner has filed a one-page "motion," (Docket No. 4), in which he asserts that "venue and jurisdiction" in this action "is in the Fourth Circuit." If this motion is intended to be a request for a change of venue, (which is how the Clerk of Court has interpreted it), then it must be denied. It is well-settled that habeas corpus petitions are to be filed and heard in the district where the petitioner is incarcerated. See Rheuark v. Wade, 608 F.2d 304, 305 (8th Cir. 1979) ("Jurisdiction of a petition for a writ of

---

[2] Petitioner has not shown that he exhausted his administrative remedies for his current claims, (whatever they may be), as expressly required by the Court's previous order. Petitioner has submitted one administrative remedy request that he apparently filed in November 2008, but that document pertains only to the conditions of Petitioner's confinement, not the underlying legality of his confinement, which purportedly is at issue here. Petitioner's failure to show that he exhausted his administrative remedies constitutes an additional reason to dismiss this action.

habeas corpus under 28 U.S.C. § 2241... lies either in the district of physical confinement or in the district in which a custodian against whom the petition is directed is present"). Because Petitioner is currently incarcerated in Minnesota, he can seek a writ of habeas corpus only in this District. Therefore, Petitioner's pending motion challenging the "venue and jurisdiction" of this action must be denied.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's pending "motion," (Docket No. 4), be DENIED; and

2. This action be summarily dismissed.

Dated: May  4 , 2009

*s/ Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 21, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.